IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES FIDELITY AND
GUARANTY COMPANY,

Plaintiff

v.                                                                    CIVIL 08-1820 (JA)

HATO TEJAS CONSTRUCTION, S.E.
et al.,

Defendants

OPINION AND ORDER

This matter is before the court on motion for summary judgment filed by plaintiff United States Fidelity and Guaranty Company ("USF&G").  (Docket No. 43.)  As of the date of this opinion and order, plaintiff's  motion for summary judgment remains unopposed by the defendants.  Thus, after consideration of the evidence in the record, the applicable law and for the reasons set forth below, plaintiff's motion for summary judgment will be GRANTED.

I.      Background

Plaintiff United States Fidelity and Guaranty Company ("USF&G") is a corporation organized under the laws of the State of Maryland.  The defendant Hato Tejas Construction, S.E., is a special partnership organized under the laws of the Commonwealth of Puerto Rico with its principal place of business in Toa

CIVIL 08-1820 (JA)                        2

Baja, Puerto Rico.  Co-defendants Pascual Rossy-Hernández, Norma I. Rossy-Morales, Pascual Rossy-Morales, Héctor D. Rossy-Morales, Luz Ivette Burgos-Santos and the Conjugal Partnership Rossy-Burgos are all residents of Puerto Rico.  The defendants executed a Master Surety Agreement ("MSA") whereby in consideration for plaintiff's furnishing bonds on behalf of Hato Tejas Construction, the defendants agreed to hold harmless and indemnify plaintiff for any loss, liability or damages incurred by plaintiff by reason of having issued any bonds or suretyship instruments on behalf of the indemnity defendants in bringing an action under the agreement.  In consideration of such agreement, plaintiff as surety issued a Performance and Payment Bond naming Puerto Rico Aqueducts and Sewer Authority ("PRASA") as Obligee and Hato Tejas as principal for a project.  In 2003, PRASA commenced an action against plaintiff and Hato Tejas.  Plaintiff defended the claim and settled the same in March 2008.

        Plaintiff's motion for summary judgment was filed on July 1, 2010.  However, the defendants have failed to file a response in opposition to plaintiff's motion.  Therefore, I analyze plaintiff's recent request for brevis disposition without the benefit of defendants' opposition.

II.     Summary Judgment Standard

        Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

CIVIL 08-1820 (JA)                             3

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To succeed on a motion for summary judgment, the moving party must show that there is an absence of evidence to support the nonmoving party's position. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Once the moving party has properly supported its motion, the burden shifts to the nonmoving party to set forth specific facts showing there is a genuine issue for trial and that a trier of fact could reasonably find in its favor.  Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000).  The party opposing summary judgment must produce "specific facts, in suitable evidentiary form," to counter the evidence presented by the movant. López-Carrasquillo v. Rubianes, 230 F.3d 409, 413 (1st Cir. 2000) (quoting Morris v. Gov't Dev. Bank of P.R., 27 F.3d 746, 748 (1st Cir. 1994)).  A party cannot discharge said burden by relying upon "conclusory allegations, improbable inferences, and unsupportable speculation." Id.; see also Carroll v. Xerox Corp., 294 F.3d 231, 236-37 (1st Cir. 2002) (quoting J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc., 76 F.3d 1245, 1251 (1st Cir. 1993)) ("'[N]either conclusory allegations [nor] improbable inferences' are sufficient to defeat summary judgment.").

The court must view the facts in light most hospitable to the nonmoving party, drawing all reasonable inferences in that party's favor.  See Patterson v.

CIVIL 08-1820 (JA)                            4

Patterson, 306 F.3d 1156, 1157 (1st Cir. 2002).  A fact is considered material if it has the potential to affect the outcome of the case under applicable law. Nereida-González v. Tirado-Delgado, 990 F.2d 701, 703 (1st Cir. 1993).

        In the District Court of Puerto Rico, Local Rule 56(b), previously Local Rule 311(12), requires a motion for summary judgment to be accompanied by a separate, short and concise statement of material facts that supports the moving party's claim that there are no genuine issues of material fact in dispute.  These facts are then deemed admitted until the nonmoving party provides a similarly separate, short and concise statement of material fact establishing that there is a genuine issue in dispute.  Local Rules of the United States District Court for the District of Puerto Rico, Local Rule 56(e) (2004); Morales v. A.C. Orssleff's EFTF, 246 F.3d 32, 33 (1st Cir. 2001); Ruiz Rivera v. Riley, 209 F.3d 24, 27-28 (1st Cir. 2000); Domínguez v. Eli Lilly & Co., 958 F. Supp. 721, 727 (D.P.R. 1997); see also Corrada Betances v. Sea-Land Serv., Inc., 248 F.3d 40, 43 (1st Cir. 2001).

        These facts must be supported by specific reference to the record, thereby pointing the court to any genuine issues of material fact and eliminating the problem of the court having "to ferret through the Record." Domínguez v. Eli Lilly & Co., 958 F. Supp. at 727; see Stepanischen v. Merchs. Despatch Transp. Corp., 722 F.2d 922, 931 (1st Cir. 1983); Carmona Ríos v. Aramark Corp., 139 F. Supp. 2d 210, 214-15 (D.P.R. 2001); Velázquez Casillas v. Forest Lab., Inc., 90 F. Supp.

CIVIL 08-1820 (JA)                    5

2d 161, 163 (D.P.R. 2000).  Failure to comply with this rule may result, where

appropriate, in judgment in favor of the opposing party.  Morales v. A.C. Orssleff's

EFTF, 246 F.3d at 33; Stepanischen v. Merchs. Despatch Transp. Corp., 722 F.2d

at 932.  However, here there is no opposing party.

     "Rule 56(e) [of the Federal Rules of Civil Procedure] governs the obligation

of adverse parties to respond to summary judgment motion[s]."  De la Vega v.

San Juan Star, Inc., 377 F.3d 111, 115 (1st Cir. 2004).  The rule provides in

pertinent part that

> When a motion for summary judgment is properly made
> and supported, an opposing party may not rely merely on
> allegations or denials in its own pleading; rather, its
> response must--by affidavits or as otherwise provided in
> this rule--set out specific facts showing a genuine issue
> for trial. If the opposing party does not so respond,
> summary judgment should, if appropriate, be entered
> against that party.

Fed. R. Civ. P. 56(e)(2).  While Rule 56(e) imposes on an adverse party the

obligation to respond to a summary judgment motion, as stated, his or her failure

to do so does not mean that the moving party is automatically entitled to

summary judgment.  Jaroma v. Massey, 873 F.2d 17, 20 (1st Cir. 1989).  What

it means is that the non-moving party loses his or her ability to oppose the

motion.  See Mullen v. St. Paul Fire & Marine Ins. Co., 972 F.2d 446, 451-52 (1st

Cir. 1992) (referring to a local rule of court requiring that an opposition be filed

within a certain deadline).  "[T]he district court [is] still obliged to consider the

CIVIL 08-1820 (JA)                                6

motion on its merits, in light of the record as constituted, in order to determine whether judgment would be legally appropriate."  Id. at 452 (quoting Kelly v. United States, 924 F.2d 355, 358 (1st Cir. 1991)); see also Empress Hotel Inc. v. Puerto Rico, 218 F. Supp. 2d 189, 197 (D.P.R. 2002).  In fact, the court must make sure that the moving party has met its burden of demonstrating that there are undisputed facts entitling that party to judgment as a matter of law.  Jaroma v. Massey, 873 F.2d at 20.

     With these principles as framework, I analyze the evidence in the record to determine if the plaintiff has met its burden of showing an absence of genuine issues of material fact entitling it to judgment as a matter of law.

III.    Applicable Law and Analysis

     The rights of the parties to this contract dispute are determined by the terms of the contract which the parties freely entered.  In this regard, the pertinent provisions of the Master Surety Agreement provide as follows:

> IV    (A)    The liability of UNDERSIGNED hereunder shall extend to and include all amounts paid by SURETY in good faith under the belief that:  (1) SURETY was or might be liable therefor; (2) such payments were necessary or advisable to protect any of SURETY'S rights or to avoid or lesson SURETY'S liability or alleged liability.
>
>        . . .
>
>        (C)    The voucher(s) or other evidence of such payment(s) or an itemized statement of payment(s) sworn to by an officer of SURETY

CIVIL 08-1820 (JA)                        7

> shall be prima facie evidence of the fact and
> extent of the liability of UNDERSIGNED to
> SURETY.

(Docket No. 41-1, at 19.)

"[C]ontracting parties may establish the agreements, clauses, and conditions they may deem convenient, provided that they are not contrary to law, morals, or public order." Soc. de Gananciales v. Vélez & Asoc., 145 D.P.R. 508, 516-17 (1998) (citing Puerto Rico Civil Code § 1207 (P.R. Laws Ann. tit. 31, § 3372 (1990)).  A contract under Puerto Rico law "has three elements: consent, a definitive (and legal) object, and consideration." Citibank Global Mkts., Inc. v. Rodríguez-Santana, 573 F.3d 17, 24 (1st Cir. 2009).  "[O]nce a contract is perfected, the parties are bound to comply with what has been expressly stipulated and to bear the consequences derived from the same in accordance with good faith, use, and law." Soc. De Gananciales v. Vélez & Asoc., 145 D.P.R. at 517 (citing Puerto Rico Civil Code § 1210 (P.R. Laws Ann. tit. 31, § 3375 (1990)).  "[W]hen the breach of a contractual obligation causes harm to any of the contracting parties, an action for damages for breach of contract lies." Id. at 508.  "Actions ex contractu are based on the breach of a duty that arises from an express or implied contract, and seek fulfillment of promises agreed to by the contracting parties." Id. (citing Ramos-Lozada v. Orientalist Rattan Furniture Inc., 130 D.P.R. 712, 727 (1992)).  With this in mind I now enter the following

CIVIL 08-1820 (JA)                        8

FINDINGS OF FACT

1.  On or about June 17, 1999, Defendants, Hato Tejas, [Luz Ivette Burgos-Santos, Pascual Rossy-Hernández, Norma Rossy-Morales, Pascual Rossy-Morales, and Héctor D. Rossy-Morales and the Conjugal] Partnership Rossy-Burgos (hereinafter the "Indemnity Defendants"), executed a certain Master Surety Agreement (hereinafter the "Agreement") whereby, in consideration of USF&G furnishing bonds on behalf of Hato Tejas, the Indemnity Defendants agreed to, *inter alia*, hold harmless and indemnify USF&G for any and all liability, loss, damages, costs, and attorney's fees incurred by USF&G by reason or in consequence of having issued any bonds or suretyship instruments on behalf of Indemnity Defendants, inclusive of fees incurred in bringing an action under the Agreement.  See Affidavit of Timothy G. Snyder, attached [to Motion for Summary Judgment] as Exhibit "A", at ¶ 2; see also copy of Agreement attached [to Motion for Summary Judgment] as Exhibit "B" at Part III.

2.  In consideration and reliance upon the execution of the Agreement, USF&G, as surety, issued Performance and Payment Bond No. 45-0128-0-2068-98-6 (the "Bond") naming Puerto Rico Aqueducts and Sewer Authority (hereinafter "PRASA") as Obligee and Hato Tejas as the Principal for a Project know as the "Sistema de Alcantarillado Sanitaro Sectores Villa Marisol, Villa Kennedy, Vegas y Camseyes en el Barrio Sabana Seca, Toa Baja, PR, Bid No. 98-SP-031" (hereinafter the "Project").  See Affidavit of Timothy G. Snyder at ¶ 3; see also the Bond attached [to Motion for Summary Judgment,] Exhibit "C".

3.  On or about 2003, PRASA commenced an action against Hato Tejas and USF&G in the Commonwealth of Puerto Rico Court of the First Instance, San Juan Superior Part at Case No. KAC-03-4609 arising out of the aforementioned Project [hereinafter "Litigation"].  See Affidavit of Timothy G. Snyder at ¶ 4.

CIVIL 08-1820 (JA)                        9

4. USF&G in fulfillment of [its] obligations pursuant to the Bond, defended the claims set forth in the Litigation arising by reason or in consequence of the issuance of the Bond. See Affidavit of Timothy G. Snyder at ¶ 5.

5. On or about March 2008, USF&G settled the Litigation which settlement included the payment by USF&G to PRASA the sum of $650,000.00. See Affidavit of Timothy G. Snyder at ¶ 6.)

6. As part of that Settlement, USF&G agreed to cap the Defendants' exposure at $500,000.00 in consideration of securing Hato Tejas' consent to the settlement.   See Affidavit of Timothy G. Snyder at ¶ 7.

7. As a direct result of the Litigation, USF&G has incurred, losses, costs, damages, attorney's fees and expenses in excess of $500,000.00 arising by reason or in consequence of the issuance of the Bond.  See Affidavit of Timothy G. Snyder at ¶ 8.

8. Pursuant to the terms of the Agreement, USF&G is entitled to indemnification and reimbursement from the Indemnity Defendants in regard to all demands, liabilities, losses, costs, damages, attorney's fees and expenses of whatever find or nature which arise by reason of, or in consequence of having issued the Bond.  See Affidavit of Timothy G. Snyder at ¶ 9.

9. Despite repeated demands from USF&G, the Indemnity Defendants have failed and refused to cooperate or otherwise perform their obligations pursuant to the Agreement to indemnify and hold harmless USF&G in connection with the settlement, liabilities, losses, costs, damages, attorney's fees and expenses arising out of the Litigation.  See Affidavit of Timothy G. Snyder at ¶ 10.

(Docket No. 43-2, at 2-4.)

CIVIL 08-1820 (JA)                          10

CONCLUSIONS OF LAW

The subject matter jurisdiction of the court is correctly alleged in the complaint against the defendants as based on diversity of citizenship, 28 U.S.C. § 1332.  (Docket No. 1.)  The amount in controversy exceeds the amount of $75,000, exclusive of costs and attorney's fees.

As a direct result of the litigation in the Commonwealth of Puerto Rico Court of the First Instance, San Juan Superior Part at Case No. KAC-03-4609 arising out of the issuance of the bond, USF&G incurred in losses in excess of $500,000.

IV.    Conclusion

USF&G has satisfied its burden by demonstrating that it made payment to PRASA in the amount of $650,000.  (Affidavit of Timothy G. Snyder at ¶ 6.)  By agreement in connection with such settlement, USF&G agreed to limit the defendants' exposure to the sum of $500,000 in consideration of Hato Tejas' consent to the settlement.  (Affidavit of Timothy G. Snyder at ¶ 8.)  Despite demand, the defendants have failed and refused to indemnify USF&G pursuant to the Agreement.

In view of the above, plaintiff's motion for summary judgment is hereby GRANTED.  The Clerk will enter judgment in accordance with this opinion in favor of plaintiff and against the defendants Hato Tejas Construction, S.E., Pascual Rossy-Hernández, Norma I. Rossy-Morales,  Pascual Rossy-Morales, Héctor D.

CIVIL 08-1820 (JA)                            11


Rossy-Morales, Luz Ivette Burgos-Santos and the Conjugal Partnership Rossy-Burgos individually, jointly and severally, inclusive of all liabilities, losses, costs, damages and attorney's fees in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000).

     SO ORDERED.

     At San Juan, Puerto Rico, this 21st day of July, 2010.

S/ JUSTO ARENAS
Chief United States Magistrate Judge